POLK COUNTY, Appellee, v. F. A. COPE et al., Appellants.

CONSTITUTIONAL LAW:  Uniform Operation—Regulation of Salaries—Justices of the Peace.  Sec. 4600-a, Code Supp., 1913, regulating the salary of justices of the peace, is not unconstitu-

tional, as being arbitrary, unreasonable and not of uniform operation.

CONSTITUTIONAL LAW: Public Policy—Interference by Judiciary. The right of the judiciary to declare a law invalid, solely on the ground that it is contrary to sound public policy, is unknown in our system of jurisprudence.

CONSTITUTIONAL LAW: Distribution of Powers—Interference With Judiciary—Justices of the Peace. Sec. 4600-a, Code Supp., 1913, regulating the salary of justices of the peace and authorizing the board of supervisors to make an allowance for actual expenses, is not vulnerable to the objection that the supervisors are given power to interfere with the judiciary.

CONSTITUTIONAL LAW: Legislative Acts—Delegation—Allowance to Justices of the Peace. Sec. 4600-a, Code Supp., 1913, allowing boards of supervisors to make an allowance to justices of the peace for actual expenses, is not vulnerable to the objection that legislative power is conferred on the supervisors.

CONSTITUTIONAL LAW: Legislative Department—Salaries. The legislature has plenary power over the salaries of public officers.

*Appeal from Polk County District Court.*—HUGH BRENNAN, Judge.

MONDAY, APRIL 10, 1916.

ACTION at law for the recovery of certain fees collected by the defendant as a justice of the peace of Polk County, and not paid over or accounted for, as provided by law. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Parsons & Mills,* for appellants.

*George A. Wilson, T. J. Guthrie* and *John J. Halloran,* for appellee.

WEAVER, J.—From January 1, 1909, to January 1, 1911, the defendant Cope was a duly elected and acting justice of the peace in Des Moines Township, Polk County, Iowa. His codefendants in this action are sureties upon his official bond. This action was brought by the county, August 28, 1912, alleg-

ing that, during Cope's said term of office, he collected as fees of that office taxed in civil cases brought in his court, the aggregate sum of $2,834.75, no part of which had by him been paid over or accounted for to the county, though demand therefor had been made.  It was further alleged that, before the suit was brought, the board of supervisors of Polk County, acting under the authority vested in them by the statute, duly passed a resolution allowing the said Cope $500 a year for the expenses of his office for the period of said term, and, after allcwing him the credit of $1,000 to which he thus became entitled, there was left due and owing by him to the plaintiff for the fees so collected, the sum of $1,834.75 and interest, for which judgment was demanded.  Later, and during the pendency of this action, the board of supervisors attempted to rescind the resolution making such allowance for expenses, and thereupon plaintiff amended its petition and withdrew the credit therein acknowledged and demanded judgment for recovery of the entire amount of defendant's collections.  The defendants answered the petition, admitting the election of Cope as justice of the peace, his giving of the bond sued upon, and his service in that office for the time mentioned.  They also admitted the allowance to Cope of $500 per year for the expenses of his office, and denied all other allegations not admitted, and denied the validity of the action of the board of supervisors in attempting to revoke the allowance made for expenses.  There was a further plea of the statute of limitations, which appears to have been abandoned, and we shall not further notice it.

The issues were submitted to the court without a jury upon an agreed statement of facts.  The stipulation concedes substantially every allegation of the petition, except the validity of the attempt of the board to rescind the allowance of office expenses; and, as the trial court held with the defendants upon this proposition and gave them credit therefor in computing the amount of indebtedness, and as plaintiff has not appealed therefrom, we may also pass this issue without

further consideration. It is further conceded that Cope made proper report of the fees of his office in criminal cases and paid the proper amount over to the county treasurer, but that he made no report of the fees of his office in civil cases until April 1, 1912, at which time he reported to the board that the actual and reasonable expenses of his office for the term of two years were $2,402.76. The amount of fees which he collected and still retains is admitted to be as stated in the petition. There is no plea or suggestion in the answer alleging the invalidity of the law fixing the compensation of justices of the peace, nor any affirmative allegation of fact on which Cope bases any legal right or authority to retain the fees which he admits that he has collected. The trial court entered judgment for plaintiff for the full amount of plaintiff's claim, after giving credit thereon for the sum of $1,000, as provided by the original resolution of the board of supervisors. From this judgment, the defendants appeal.

The statute governing the compensation of justices of the peace, so far as applicable to this case, is as follows:

Sec. 4600-a, Cope Supp., 1913. "Justices of the peace and constables in townships having a population of twenty thousand shall pay into the county treasury all criminal fees collected in each year. Justices of the peace and constables in townships having a population of under twenty thousand shall pay into the county treasury all fees collected each year in excess of the following sums: . . . In townships having a population of twenty thousand or more, justices of the peace and constables shall receive in full compensation for their services performed in criminal cases during the year, the following sums which shall be paid quarterly out of the county treasury: In townships having a population of twenty-eight thousand or more, justices, fifteen hundred dollars; constables, twelve hundred dollars; in townships having a population of twenty thousand and under twenty-eight thousand, justices, twelve hundred dollars; constables, one thousand dollars. Jus-

tices and constables in all townships having a population of twenty thousand and over shall retain such civil fees as may be allowed by the board of supervisors, not to exceed five hundred dollars per annum, for expenses of their offices actually incurred, and shall pay in to the county treasurer all the balance of the civil fees collected by them.''

Reading the pleadings and the admitted facts in the light of the statute, they would appeal to the ordinary mind as merely a roundabout method of confessing judgment, but counsel rise to the emergency and solemnly argue that the law ''is contrary to the Constitution of the United States and to the Constitution of the state of Iowa in that: (1) The law is arbitrary, unreasonable and not of uniform operation. Article 1, Section 6, Constitution; Article 3, Section 30, Constitution. (2) The law is contrary to public policy. Article 5, Section 4, Constitution. (3) The legislature has delegated to the board of supervisors its power to make a law. Article 3, Section 1, Constitution.''

These citations are doubtless intended to point out the spots in which the Constitution of the state has been punctured by this act of the legislature, though the brief does not so specify; but we are favored with no explanation of how the Constitution of the United States has also been disregarded. We are told that the law is arbitrary and allows the board of supervisors to discriminate between justices of the peace in the same township, even though similarly situated. To this, it is a sufficient answer that the statute confers no such power on the board. The supervisors are thereby empowered to make a limited allowance of actual expenses to justices of the several townships having the prescribed minimum of population, and, if it happen that such township has two or more officers of the same rank, the board is nowhere authorized to discriminate between them. Neither is entitled to any allowance except for actual expenses within the limit

1. CONSTITU-
TIONAL LAW:
uniform opera-
tion: regula-
tion of sal-
aries: justices
of the peace.

of $500. It does not provide for or permit discrimination of any kind.

Turning to the objection that the statute offends against public policy, counsel will look in vain for any rule, constitutional or otherwise, by which the court may pronounce an act of the legislature invalid on such ground. It is the legislature which declares the public policy of the state, and if a statute offends against no specific provision of the Constitution, the court may not invalidate it because, in the court's judgment, it is not in accordance with wise or sound policy.

2. CONSTITU-
TIONAL LAW:
public policy:
interference by
judiciary.

The suggestion by counsel that the law "allows an inferior body to hinder and interfere with a judicial officer in the performance of his duties" is too obscure for our comprehension. The law does not in any way affect the scope of a justice's jurisdiction or authorize the board to interfere in the slightest degree with the exercise of his judicial functions. Nor can the board, by any act or order on its part, increase or diminish the amount of his earnings, though it may, where the population of the town is sufficient, grant him a limited allowance for actual expenses.

3. CONSTITU-
TIONAL LAW:
distribution of
powers: inter-
ference with
judiciary :·jus-
tices of the
peace.

Still less merit is there in the objection that the statute delegates to the board power to make a law. The state is full of inferior bodies, like a board of supervisors or a city council, to whom is delegated some measure of legislative power, and it is too late in the day to question the constitutional soundness of such laws in aid of local autonomy for the management and control of local affairs. This particular provision clothes the board with no legislative function or power of any kind. It does no more than authorize the board to audit or allow certain claims for expenses incurred, and this is purely an administrative function.

4. CONSTITU-
TIONAL LAW:
legislative
acts: delega-
tion: allowance
to justices of
the peace.

Indeed, it is difficult to accept the line of argument pursued by appellant as being seriously intended. It can hardly

be soberly argued that the state by its legislature may not fix the compensation of justices of the peace, limit

**5. CONSTITU-
TIONAL LAW:
legislative de-
partment: sal-
aries.**

the amount thereof, and provide how and when it shall be paid. It may provide that compensation shall be by a scale of fees which the officer is authorized to retain, or it may provide that his payment shall be by stated salary paid from the public treasury, and that all fees be passed over to the county. The man who seeks or accepts the office takes it with its burdens as well as its benefits. If he doesn't like the pay, he may decline the honor; or if so minded, he may accept the honor and perform the duty without pay. The doctrine or rule of *quantum meruit* has no application in cases of this nature. Under the statute here applicable, defendant Cope was allowed a salary of $1,500 per year, and we may assume that, as is the habit of most public functionaries, judicial or otherwise, he drew this stipend with regularity and despatch as it became due. But the same statute which gave him that benefit required him to pay over to the county all the fees of his office, except such amount as might be allowed him for expenses. The fact that his office expenses exceeded the amount allowed by the board of supervisors is wholly immaterial. Neither the legislature nor the county was under the slightest legal obligation to provide payment for any part of his expenses. Having, however, made such provision it was clearly within legislative discretion to provide a maximum limit on the allowance, a precedent the wisdom of which has been abundantly demonstrated in the history of the fee system in this state. The office having been placed on the salaried list, defendant Cope, as incumbent thereof, had no right, title or interest in the fees thereof, except that it was his duty to collect and account for them to the county. What he has to gain by having the law which authorizes an allowance for expenses declared unconstitutional is one of the impenetrable mysteries of this appeal. If we were to agree with his proposition in this respect, its only effect would be to deprive him of any credit whatever for

expenses, and increase the amount of his indebtedness to the county in the sum of $1,000.

It is unnecessary to further pursue this discussion. The defense and the appeal are equally without merit, and the judgment of the district court is—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.